UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
        :
GFI BROKERS, LLC,      :
      :
    <u>Plaintiff</u>,    :
      :    06 Civ. 3988 (GEL)
  -against-    :
      :
JOHN P. SANTANA,     :
      :
    <u>Defendant</u>.    :
      :
------------------------------------------------------------x    **OPINION AND ORDER**
      :
GFI BROKERS, LLC,      :
      :
    <u>Plaintiff</u>,    :
      :    06 Civ. 4611 (GEL)
  -against-    :
      :
OFIR ELIAS FILHO, a/k/a OFIR ELIAS,  :
TRADITION BRASIL CONSULTORIA  :
EMPRESARIAL, LTDA d/b/a TRADITION  :
BRASIL,      :
      :
    <u>Defendants</u>.    :
      :
------------------------------------------------------------x

GERARD E. LYNCH, <u>District Judge</u>:

    Plaintiff GFI Brokers, LLC ("GFI") and defendant John P. Santana move for reconsideration of the Court's August 6, 2008, Opinion and Order (the "Opinion") denying GFI's motion for summary judgment in part, and denying Santana's motion for summary judgment in its entirety. These motions will be denied.

Standard for Motion for Reconsideration

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. "[T]o be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." Keiser v. CDC Inv. Mgmt. Corp., No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).

GFI's Motion for Reconsideration

GFI moves for reconsideration of two issues. First, GFI argues that the Court should have granted summary judgment to GFI on the enforceability of the liquidated damages provision, since the Court found that defendants had "failed to establish as a matter of law that the liquidated damages provision is 'plainly disproportionate'" to possible loss (Opinion 28). GFI argues that the Court incorrectly imposed on GFI the burden of proving that the liquidated damages provision in its agreement with Santana was enforceable.

The Court was and is well aware that the party challenging the enforceability of a liquidated damages clause "has the burden of proving that the . . . clause to which it freely contracted is, in fact, a penalty." Rattigan v. Commodore Intern. Ltd., 739 F. Supp. 167, 170 (S.D.N.Y. 1990). But the issue on summary judgment is not whether the party bearing the burden of proof has met that burden, but whether the party moving for summary judgment has "demonstrate[d] the absence of a genuine issue of material fact" that would prevent entry of judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Here, genuine issues of fact precluded summary judgment for either side. Because both parties "misunderstood the nature of the damages" that might arise from a breach of the Non-Competition or Non-Solicitation Clauses (Opinion 29), and against which the liquidated damages provision must be evaluated, the record was effectively too undeveloped to decide – either for GFI or for defendants – that there was no "genuine issue of material fact" as to the enforceability of the liquidated damages provision.[1] See BDO Seidman v. Hirshberg, 93 N.Y.2d 382, 397 (1999) (remanding for further factual development because of "sparse proof" regarding the enforceability of the liquidated damages provision).

In saying that defendants had "failed to establish as a matter of law that the liquidated damages provision is 'plainly disproportionate'" to possible loss, the Court simply ruled that defendants had failed to satisfy their summary judgment burden of demonstrating the absence of a genuine issue as to the enforceability of the provision. It does not follow that GFI had satisfied *its* summary judgment burden. Similarly, in saying that "GFI has failed to prove that the liquidated damages are *not* 'plainly disproportionate' to expected actual damages," the Court was not improperly imposing the ultimate burden of proof on GFI, but rather simply ruled that GFI had failed to satisfy its *summary judgment* burden of demonstrating the absence of a genuine issue of material fact. While using the word "prove" in reference to satisfaction of a movant's

---

[1] This conclusion is entirely consistent with the Court's holding in Wells Fargo Bank Northwest, N.A. v. Taca Intern. Airlines, S.A., 315 F. Supp. 2d 347 (S.D.N.Y. 2003), that "the enforceability of a liquidated damages provision is a legal issue not requiring an evidentiary showing." Id. at 350. That a court may find a liquidated damages provision enforceable without an evidentiary showing does not mean that an evidentiary showing is *never* necessary. Here, it is not possible to decide whether the liquidated damages provision is enforceable without some evidence about what damages were reasonable to expect from a breach of the Non-Solicitation or Non-Competition Clauses.

3

summary judgment burden may have been imprecise, the underlying reasoning is sound and the conclusion reached by the Court is the correct one.

The second issue on which GFI urges reconsideration is the Court's conclusion that liquidated damages are not recoverable from defendants Tradition Brazil and Ofir Elias. GFI merely repeats arguments it made on the underlying motion and provides no reason for the Court to reconsider its judgment.

Santana's Motion for Reconsideration

Santana moves for reconsideration of the Court's conclusion that the first prong of the test for the reasonableness of a liquidated damages provision – that actual damages are "difficult to determine" – was satisfied. Santana argues that the Court overlooked evidence about the nature of the inter-dealer brokerage industry that makes the Court's reliance on BDO Seidman inappropriate. In particular, Santana argues that in this industry "more than one broker will ordinarily service a given customer, and . . . there are 'backup' brokers servicing the same customers and able to step into the breach in the event of a departure." (Santana Mem. 5.) Consequently, "customers do not leave; they continue doing business with all of the limited number of inter-dealer brokerage firms." (Id.)

The Court did not overlook evidence of how the inter-dealer brokerage industry operates. But this evidence establishes only that customers rely on more than one broker, not that a departing broker does not have an opportunity to siphon off business from his previous employer. Consequently, defendants did not establish that it was unreasonable for GFI to expect Santana to take with him some percentage of the business those customers generated. Calculating the lost business – and the amount of time it would take Santana's replacement to

4

win it back – is "difficult for the same reason as . . . in <u>BDO Seidman</u>: [it] depend[s] on unknowable future events." (Opinion 25.) Thus, the fundamental reasoning of <u>BDO Seidman</u> applies and there is no basis for reconsideration of the Court's conclusion.

Accordingly, plaintiff's and Santana's motions for reconsideration are denied.

SO ORDERED.

Dated: New York, New York
       August 27, 2008

                                            GERARD E. LYNCH
                                           United States District Judge